UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOBOYD UNDRE GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-cv-216-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN J.A. BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Joboyd Undre Gibson is an inmate currently confined at the Federal Correctional Institution (FCI)-Manchester, located in Manchester, Kentucky. Proceeding without an attorney, Mr. Gibson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his prior custody credits by the Bureau of Prisons (BOP). [R. 1.] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mr. Gibson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and liberally construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

According to Mr. Gibson, he was arrested on June 2, 1997 in Winston County, Mississippi, in Case # 6222/1 for possession of marijuana. [R. 1-1 at 2.] While he was released on bond prior to sentencing in that case, he was arrested again by Mississippi law enforcement officers on January 22, 1998, for possession of marijuana with intent to distribute, Case # 98-026-CR1. *Id*. During this arrest, officers found a number of firearms that later formed the basis for Gibson's subsequent federal charges. *Id*. On April 27, 1998, Mr. Gibson was sentenced to a two-year term of imprisonment in Case No. 6222/1. *Id*. On September 1, 1998, while he was serving his two-year sentence, he was sentenced in Lowndes County Circuit Court, Case # 98-026-CR1, to a term of imprisonment of six years without parole or probation. *Id*. After sentencing in both cases, Mr. Gibson was returned to the custody of the Mississippi Department of Corrections. *Id*. at 3.

On December 11, 1998, while serving his state sentences, Mr. Gibson was charged in an indictment issued by a federal grand jury in the United States District Court for the Northern District of Mississippi with one count of being a convicted felon who knowingly conspired to make false statements to unlawfully acquire firearms in violation of 18 U.S.C. §§ 922(a), (g) and 924 (a) (Count 1); knowingly disposing of a loaded firearm to a convicted felon in violation of 18 U.S.C. § 922(d) (Count 2); being a convicted felon knowingly in possession of a loaded firearm in violation of 18 U.S.C. § 922(g) (Counts 3 and 6); knowingly making false written statements to purchase firearms in violation of 18 U.S.C.§§ 922(a) and 924 (Count 4); and knowingly disposing of firearms to a convicted felon in violation of 18 U.S.C. § 922(d) (Counts 5 and 7). [*United States v. Gibson*, Case No. 1:98-cr-120-NBB-DAS-1 (N. D. Miss. 1998), R. 1.]

During his federal criminal proceedings, he remained in the primary custody of the Mississippi Department of Corrections, appearing in federal court pursuant to various writs of habeas corpus *ad prosequendum*. [*Id*., R. 24, R. 29, R. 36, R. 39, R. 49.] On September 16, 1999, after pleading guilty to Counts 1 and 6 pursuant to a plea agreement with the United States, Gibson was sentenced to a term of imprisonment of 60 months on Count 1 and 120 months on Count 6, to be served consecutively to each other and to Mr. Gibson's imprisonment under any previous state or federal sentence. [*Id*., R. 54.] After sentencing, Mr. Gibson was returned to the custody of the Mississippi Department of Corrections. [*Id*., R. 56.]

While serving his state sentence, Mr. Gibson was charged with possession of a controlled substance within a correctional facility in Case # 2000 33CR/2 and conspiracy in Case # 2000 33CR/3. [R. 1-1 at 2.] Accordingly, on May 16, 2000, he was sentenced to a term of imprisonment of seven years in the custody of the Mississippi Department of Corrections. *Id*. On January 18, 2013, Mr. Gibson completed his state sentences and was released to federal authorities to commence his federal sentence. *Id*.

Mr. Gibson's has previously sought relief from his consecutive federal sentence in the federal sentencing court and been denied, first in a motion for reconsideration of the judgment [*United States v. Gibson*, No. 1:98-cr-120-NBB-DAS, R. 57], and then via various motions seeking his federal sentence run concurrently with his state sentence. [*Id*., R. 59–R. 64.] In its December 18, 2013 Order denying Mr. Gibson relief, the sentencing court noted that circumstances had not changed since the time it originally imposed Mr. Gibson's sentence, at which time "the court exercised its discretion and determined that the 180-month sentence should be served consecutive to Gibson's state sentence." [*Id*., R. 66 at 4.]

Mr. Gibson now seeks relief in this court, challenging the BOP's calculation of the commencement date of his federal sentence. [R. 1.] According to Mr. Gibson, the BOP prepared a sentence computation commencing Gibson's sentence on January 18, 2013, for a term of 180 months with no prior custody credit. *Id*. Mr. Gibson argues that this is incorrect. Mr. Gibson states after he was arrested by state officials for possession of marijuana on June 2, 1997 in Case # 6222/1, he was released on bond. [R. 1-1 at 2.] While he was on bond, but before he had been sentenced with respect to his 1997 arrest, he "was then rearrested on January 22, 1998, by law enforcement officers with the State of Mississippi for Possession of Marijuana with Intent to Distribute, Case #98-026-CR1." *Id*. It was during the January 22, 1998 arrest that the firearms were found that later led to his federal charges for which he was indicted in December 1998. However, according to Mr. Gibson, by releasing him on bond in 1997, the state officials relinquished custody of him, thus federal officials had primary custody of him upon his arrest on January 22, 1998. *Id*. at 1. Thus, Mr. Gibson seeks prior custody credit for the time he has served since January 22, 1998, the date that he claims his federal sentence actually commenced. *Id*. In effect, this relief would provide Mr. Gibson with the concurrent federal sentence he has previously been denied by the sentencing court.

However, the Court will deny Mr. Gibson's petition as entirely without merit. Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined 18 U.S.C. § 3585, which provides as follows:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Having received credit for time he spent in state custody from January 1998 through January 2013 against his state sentences, Mr. Gibson is plainly not entitled to credit against his consecutive federal sentence pursuant to 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 335, 337 (1992) ("... Congress made clear that a defendant could not receive a double credit for his detention time."). *See also Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003).

Moreover, it is clear that Mississippi authorities retained primary jurisdiction over Mr. Gibson until he was relinquished to federal custody in 2013. "A consecutive [federal] sentence imposed on a defendant already in state custody…cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation." *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010)) (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Mr. Gibson's transfer into federal custody for purposes of his federal court proceedings did not cause the State of Mississippi to lose its priority of jurisdiction. A state surrenders its primary jurisdiction only through acts clearly reflecting its intention to do so by (1) dismissing its charges against the defendant, (2) releasing him on bail, (3) paroling his sentence, or (4) through the natural expiration of his sentence. Cf. *Elwell v. Fisher*, 716 F.3d

477, 481–82 (8th Cir. 2013); *Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *3 (D.N.J. 2007).

For that reason, a temporary transfer of a state prisoner into federal custody through a writ of habeas corpus *ad prosequendum* will not subordinate the state's primary jurisdiction. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.") (superseded on other grounds by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)).

Nor does the fact that, when he was arrested in January 1998, he was out on bond for his charges then-pending from his 1997 arrest change this equation. His petition makes clear that he was taken into state custody after his arrest in January 1998. Indeed, Mr. Gibson's petition specifically states that he was "rearrested on January 22, 1998, *by law enforcement officers with the State of Mississippi*." [R. 1-1 at 2.] While he also later refers to these officials as "federal" officials, this is directly contradicted by his own earlier statements that he was arrested by Mississippi law enforcement officials.

Even if federal officials had been present at the time of his January 1998 arrest, this does not establish whether he was taken into state or federal custody at that time. Rather, his petition indicates that he was taken into state custody in January 1998, as it further states that, after appearing in state court for sentencing in April 1998, then again for sentencing in his second state criminal case in September 1998, he was returned to state custody. *Id*. at 3. Although he contends that his return to state custody was "erroneous," he provides no explanation supporting this contention. Nor could he, as no federal charges were pending against him at that time, thus there would have been no reason for him to be in federal custody.

6

Moreover, despite his reference in his petition to being arrested by "federal officials" in January 1998, he was not, in fact, arrested on his federal charges in January 1998. In fact, he was not even indicted in his federal criminal case until December 11, 1998, thus he could not have been in federal custody on those charges in January 1998. *United States v. Gibson*, Case No. 1:98-cr-120-NBB-DAS-1 (N. D. Miss. 1998), R. 1. Indeed, a review of the docket in his federal case indicates that, although an arrest warrant was issued in his federal case on December 14, 1998, the arrest warrant was returned unexecuted on October 4, 1999 (after he had been sentenced in his federal case), as he had appeared in his federal case pursuant to various writs of habeas corpus *ad prosequendum*, and was returned to the custody of the Mississippi Department of Corrections after sentencing. [*Id*., R. 56.]

Gibson cites to nothing in the record indicating that the Mississippi Department of Corrections ever relinquished primary custody of him after taking him into custody in January 1998. Rather, his own allegations, and the relevant portions of the record in his federal criminal case, plainly establish that, throughout his entire federal criminal proceedings, Mississippi had primary custody over Gibson, which it did not relinquish until Gibson was released to federal authorities in January 2013.

For all of these reasons, it plainly appears from Gibson's petition that he is not entitled to relief. Thus, Gibson's petition must be denied.

Accordingly, it is **ORDERED** as follows:

1. Gibson's petition for a writ of habeas corpus [**R. 1**] is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.
3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 23d day of October, 2018.

Gregory F. Van Tatenhove
United States District Judge